IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OYO HOTELS INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-3433-N |
| | § | |
| OM CHAMUNDA LLC, | § | |
| | § | |
| Defendant. | § | |

# MEMORANDUM OPINION & ORDER

This Order addresses Defendant Om Chamunda LLC's motion to compel Plaintiff OYO Hotels, Inc. ("OYO") to organize its document production and produce a privilege log [44]. For the reasons below, the Court denies the motion.

## I. Origins of the Dispute

Hotel brand OYO initiated several suits, including this one, against owner-operators of its properties alleging violations of their franchise agreements and seeking declaratory judgments under Texas and federal franchise law. The defendants in the related lawsuits (the "Franchisees") are represented by the same counsel. Accordingly, the Franchisees have propounded substantially similar discovery requests, and OYO has made several large, consolidated productions.

The Franchisees challenge OYO's productions that began in May 2022. OYO categorized its productions in four ways: documents common to all cases (coded OYO-CD), documents common to multiple properties (coded OYO-MP), and documents related to specific cases with individualized Bates codes (code OYO-HUN for Om Chamunda).

ORDER – PAGE 1

OYO also made one large production coded OYO-DDAY, which OYO says contains documents relating to daily reservations metrics, which OYO internally referenced as D-Day records. Numerous productions contained thousands of pages, and the D-Day production contained more than 8,000,000 pages. The Franchisees argue that OYO must organize and label its voluminous productions to correspond with the categories in their requests. Further, the Franchisees contend that OYO has withheld documents based on privilege without providing a privilege log, and the Court must compel them to produce one.

## II. Legal Standard

Federal Rule of Civil Procedure 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). A litigant may request the production of documents falling "within the scope of Rule 26(b)" from another party if the documents are in that party's "possession, custody, or control." FED. R. CIV. P. 34(a). To enforce discovery rights, a "party seeking discovery may move for an order compelling an answer, designation, production, or inspection." *Id.* at 37(a)(3). The burden is on the party resisting discovery to specify why the discovery is not relevant or show that it fails the proportionality requirement. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *Hunsinger v. Alpha Cash Buyers, LLC*, 2022 WL 1128730, at *1 (N.D. Tex. 2022) (quoting *Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 506 (N.D. Tex. 2016)) ("[T]he amendments to [Rule 26] do not alter the basic allocation of the burden on the party resisting discovery to . . . show that the requested

discovery does not fall within Rule 26(b)(1)'s scope of relevance (as now amended [to include proportionality]) or . . . is otherwise objectionable.").

### III. THE COURT DENIES THE MOTION

#### A. *Categorization of Productions*

Parties "must produce documents as they are kept in the usual course of business *or* must organize and label them to correspond to the categories in the request." FED. R. CIV. P. 34(b)(2)(E)(i) (emphasis added). Further, "[i]f a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained *or* in a reasonably usable form or forms." *Id.* at 34(b)(2)(E)(ii) (emphasis added). OYO maintains that it has produced documents in the manner that they are usually kept. Pl.'s Resp. 3 [46].

"A party demonstrates that it has produced documents in the usual course by revealing information about where the documents were maintained, who maintained them, and whether the documents came from one single source or file or from multiple sources or files." *City of Colton v. Am. Promotional Events, Inc.*, 277 F.R.D. 578, 585 (C.D. Cal. 2011) (quoting *Valeo Elec., Inc. v. Cleveland Die & Mfg. Co.*, 2009 WL 1803216, at *2 (E.D. Mich. 2009)). OYO has submitted declarations that its productions are "in a searchable and sortable form, paired with relevant metadata," which includes "file name, file path, the email sender and recipient, the date and time each email was sent, and the email subject line." Pl.'s App., Ex. A., Holly Delene Stubbs Decl. ¶ 4 (App. 5) [47]. Om Chamunda does not refute the detail of the metadata. Because discovery has been produced in the manner it is usually kept and the metadata is sufficient "to identify the provenance

of each document and put it into its proper context," *City of Colton*, 277 F.R.D. at 585–86, no authority requires that OYO categorize its productions in the way that the Franchisees request. *See, e.g.*, *Santella v. Grizzly Indus., Inc.*, 2011 WL 6306315, at *2 (W.D. Tex. 2011); *Alexander v. Abbott Labs., Inc.*, 2014 WL 12547165, at *2 (S.D. Ill. 2014) ("Having chosen the usual course of business alternative in producing documents, a responding party need not categorize the production or label and organize them to correspond to a specific request."); *Del Socorro Quintero Perez v. United States*, 2016 WL 304877, at *5 (S.D. Cal. 2016) (quoting 8B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2213 (3d ed. 2016)) (requiring only that defendants be more specific than producing in a "single, undifferentiated pile," noting that "requiring materials to be 'segregated according to the requests,' as Plaintiffs would like, 'would impose a difficult and usually unnecessary additional burden on the producing party'"); *Nupson v. Schnader Harrison Segal & Lewis LLP*, 2021 WL 1293557, at *6 (E.D. Pa. 2021) ("Defendants had no duty to correlate materials to specific document requests" where they "provided text- and date-searchable ESI to Plaintiff.").

Accordingly, the Court denies Om Chamunda's motion to compel as organizing the productions by individual discovery requests. If the Franchisees believe that discoverable information has been withheld, they may move to compel its production, and the burden will be on OYO to object or to demonstrate that it has adequately searched for and produced all relevant materials.

### *B. Production of Privilege Logs*

Parties withholding otherwise discoverable materials on privilege grounds must "expressly make the claim and describe the nature of the documents, communications, or tangible things not produced or disclosed . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." FED. R. CIV. P. 26(b)(5)(i) – (ii) (cleaned up). Parties typically comply with their Rule 26 obligations by producing a privilege log, which must include enough information to allow courts and other parties to test the merits of the privilege claim. *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 697 (5th Cir. 2017). "The burden is on the party asserting the privilege to demonstrate how each document or communication" qualifies, and a "general allegation of privilege is insufficient to meet this burden." *Navigant Consulting, Inc. v. Wilkinson*, 220 F.R.D. 467, 473 (N.D. Tex. 2004); *see also In re Santa Fe Intern. Corp.*, 272 F.3d 705, 710 (5th Cir. 2001).

It is OYO's burden as the party resisting the motion to demonstrate that it has complied with its obligations under the Rules. *See Olmos v. David B. Giles P.C.*, 2022 WL 3448641, at *3 (N.D. Tex. 2022) (granting motion to compel where defendants "adduced no evidence and ma[d]e no argument regarding the applicability of the attorney-client privilege to the specific withheld documents or answers"). OYO has submitted by declaration that it provided logs and the corresponding Bates numbers, and the Franchisees have not refuted that assertion. The Court denies the motion to compel production of privilege logs as moot.

## CONCLUSION

OYO has satisfied its Rule 34 obligations, so it need not organize its document productions by the Franchisees' proposed categories, and OYO has submitted evidence to demonstrate that the privilege logs have already been produced. Accordingly, the Court denies the motion.

Signed May 16, 2023.

_____
David C. Godbey
Chief United States District Judge